UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THOMAS C. REGA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civ. No. 08-379-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDED DECISION ON
MOTION TO DISMISS § 2254 PETITION**

Petitioner Thomas C. Rega seeks a writ of habeas corpus, alleging that his incarceration is the product of a conspiracy involving a state court justice who allegedly conspired with every witness, judge, police investigator, prosecutor, mental health counselor, and attorney associated with the criminal proceedings Rega went through in the 2002 to 2003 timeframe, including the proceeding that led to his conviction on charges of gross sexual assault, kidnapping, and other crimes and resulted in his present incarceration. Rega also contends that his trial attorney violated his free speech rights by insisting that he remain silent about the alleged conspiracy in order to protect the justice, the prosecutor, the investigating officers, and other persons connected with the conspiracy. Beyond these challenges, Rega's petition is essentially incomprehensible. I recommend that the Court deny Rega's petition for failure to exhaust the remedies available in the state courts.

*Discussion*

This Court may not grant 28 U.S.C. § 2254 relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," or "there is an absence of

available State corrective process," or the circumstances that exist "render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A),(B). If there is a right under state law "to raise, by any available procedure, the question presented," then the applicant "shall not be deemed to have exhausted" state remedies. Id. § 2254(c).

Rega contends that his due process rights were violated because of a conspiracy involving a justice who presided over an earlier, unrelated criminal proceeding, but who did not preside over the trial at which Rega was convicted.[1] Rega also maintains that his trial counsel from the second proceeding provided ineffective assistance because he prevented Rega from raising this alleged conspiracy with the justice who presided over the second trial. All of these contentions are procedurally defaulted. Rega never raised on direct appeal any due process matter involving the non-presiding judge or a conspiracy arising out of his earlier criminal prosecution. As for any alleged ineffective assistance of counsel claim for failing to air this grievance with the court during the second prosecution, Rega filed a state petition for collateral review of his conviction[2] but never appealed the Superior Court's denial of his petition.[3] 15 M.R.S. § 2131; Me. R. App. P. 19. Because Rega failed to appeal that order, this Court is not required to determine whether or to what extent the claims presented in Rega's present § 2254 petition correlate with the claims presented to the Superior Court Justice on post-conviction

---

[1]  Rega was acquitted of charges in a criminal proceeding that predated the charges that resulted in his incarceration. Rega places the Justice from the first trial at the center of an alleged conspiracy to, evidently, deprive him of his liberty in connection with the second trial.

[2]  "Ordinarily, . . . the record on [direct] appeal is not adequate for reviewing the counsel issue, so that the claim of ineffective assistance must be presented and tried in a collateral review proceeding." Kimball v. State, 490 A.2d 653, 658 n.3 (1985).

[3]  The state court record submitted by the State includes the docket from the post-conviction proceeding, number PORSC-CR-2005-01203. There is no indication on the Superior Court's docket that an appeal was ever taken from the Court's denial entered August 5, 2008, and the docket was printed on November 12, 2008, more than 21 days after the denial of the post-conviction petition. See 15 M.R.S. § 2131(1) ("The time for taking the appeal and the manner and any conditions for the taking of the appeal are as the Supreme Judicial Court provides by rule."); Me. R. App. P. 2(b)(2)(A) (specifying 21-day period for filing all criminal appeals except appeals from orders making final dispositions on petitions contesting extradition).

review. It is incumbent on the petitioner to give the State the "opportunity" to address his challenges before seeking a writ of habeas corpus from a federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (*including a state supreme court with powers of discretionary review*), thereby alerting that court to the federal nature of the claim." Id. (emphasis added) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)); see generally Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007); see also Jackson v. Coalter, 337 F.3d 74, 85 -87 (1st Cir. 2003)(concluding that the petitioner's due process claim was not fully exhausted and that 28 U.S.C. § 2254 relief was barred because, although he had unsuccessfully sought interlocutory review of the claim by the state's highest court, he had not sought review by that court after his verdict became final). Rega's failure to appeal the denial of his post-conviction claims in accordance with Rule 19 of the Maine Rules of Appellate Procedure precludes a finding that Rega exhausted his state remedies. Consequently, the Court may not grant further review of his petition. See 28 U.S.C. § 2254(b)(1).

## Conclusion

Based upon the foregoing I recommend the Court summarily dismiss this petition and deny Rega relief. In the event Rega files a notice of appeal, I further recommend that no certificate of appealability should issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 16, 2009
/s/ Margaret J. Kravchuk
U.S. Magistrate Judge